**BUDD LARNER**
A PROFESSIONAL CORPORATION
SUSANNA J. MORRIS, ESQ.
I.D. NO. SM0080
1939 ROUTE 70 EAST, SUITE 100
CHERRY HILL, NEW JERSEY 08003
(856) 874-9500
(856) 874-9660 FAX

ATTORNEYS FOR PLAINTIFF,
SCOTTSDALE INSURANCE COMPANY

---

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
### TRENTON VICINAGE

---

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY, | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff, | : | _____ |
| | : | |
| Vs. | : | |
| | : | |
| SOMERVILLE FIDELCO ASSOCIATES, | : | **COMPLAINT FOR** |
| L.P., and BADGER ROOFING CO., | : | **DECLARATORY JUDGMENT** |
| INC., | : | |
| | : | |
| Defendants. | : | |

        Plaintiff, Scottsdale Insurance Company ("Scottsdale"), by its

attorneys, Budd, Larner, P.C., by way of Complaint for Declaratory

Judgment against defendants, Somerville Fidelco Associates, L.P.

("Fidelco"), and Badger Roofing Co., Inc., ("Badger"), states as

follows:

58591

## NATURE OF ACTION AND RELIEF SOUGHT

1.    This is an action to determine the rights and liabilities of the parties pursuant to a Policy of Insurance issued by plaintiff to defendant Badger.

2.    There is now existing between the parties an actual controversy for which the plaintiff is entitled to have a declaration of its rights pursuant to 28 U.S.C. §§ 2201 and 2202.

3.    Joined as parties are all of those persons necessary for a just and complete adjudication of the dispute between the plaintiff and defendants.

## THE PARTIES

4.    Scottsdale is a wholly owned subsidiary of Nationwide Mutual Insurance Company, and is a corporation organized and existing under the laws of the State of Arizona, with its administrative office located at 8877 North Gainey Center Drive, Scottsdale, Arizona.

5.    Upon information and belief, defendant Fidelco's principal place of business is 520 U.S. Highway 22 East, Bridgewater, New Jersey.

6.    Defendant Badger is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 5 Smalley Avenue, Middlesex, New Jersey.

58591                                    2

## JURISDICTION AND VENUE

7.    This court has jurisdiction under 28 U.S.C. § 1332(a)(2) by reason of diversity of citizenship between the parties.  The value of the matter in controversy exceeds $75,000, exclusive of interest and costs.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and 1391(c) because it is the district in which a substantial part of the events occurred, and which the defendants reside.

## THE FACTS

9.    Scottsdale issued a Policy of Insurance, bearing Policy Number BCS0010238 ("the Policy") to defendant Badger, and said Policy had effective dates of May 1, 2005, to May 1, 2006.  A copy of the Policy and Declaration Page is attached hereto as Exhibit A, and is incorporated by reference.

10.    Fidelco is the owner of certain premises located at 76 Fourth Street, Somerville, New Jersey.  Said premises is occupied by Bristol-Myers Squibb Company, pursuant to a Lease Agreement between it and Fidelco.

11.    On or before September 2005, Fidelco contracted with Badger to do certain roofing work on the premises located at 76 Fourth Street, Somerville, New Jersey.

12.    During the course of this work, asbestos was discovered in the roof.

58591                              3

13.  Upon discovering the asbestos, Badger ceased its operations, and another contractor was retained by Fidelco to remove the asbestos.

14.  Bristol-Myers Squibb contended that it was prevented from conducting its business at the subject premises during the period the asbestos was removed.

15.  As a result, Bristol-Myers Squibb alleged it suffered certain monetary damages.

16.  As a consequence, on or about August 4, 2006, Bristol-Myers Squibb made a Demand for Arbitration as against Fidelco. (See Demand for Arbitration, which is attached hereto as Exhibit B.)

17.  The Demand for Arbitration specifies that the nature of the dispute is a "Claim for breach of commercial lease by tenant against landlord arising out of asbestos contamination at lease premises (located in Somerville, New Jersey) caused by landlord's roofing contractor."  The dollar amount claimed is $734,175. (Exhibit B.)

18.  Under cover of letter dated August 17, 2006, Fidelco made a request to Scottsdale to be defended and indemnified as an additional insured under Scottsdale's Policy issued to defendant Badger with regard to the claim made against Fidelco by Bristol-Myers Squibb.  (See correspondence from Ellen A. Silver, Esquire,

58591                                    4

counsel for Somerville Fidelco Associates, dated August 17, 2006, which is attached hereto as Exhibit C.)

19.  Under cover of letter dated September 6, 2006, Scottsdale wrote to Badger and requested copies of all contracts and/or agreements between Badger and Fidelco with regard to the roofing work done at 76 Fourth Street, Somerville, New Jersey.  (See correspondence dated September 6, 2006, from Scottsdale to Scott Badger, which is attached hereto as Exhibit D.)

20.  Badger did not send to Scottsdale the requested contracts or agreements.

21.  Under cover of letter dated September 7, 2006, Scottsdale sent to Badger a Reservation of Rights Letter.  (See correspondence dated September 7, 2006, from Scottsdale to Badger, which is attached hereto as Exhibit E.)

22.  Under cover of letter dated January 31, 2007, Scottsdale wrote to Fidelco and requested copies of the written contract between it and Badger with regard to the roofing work to be done at 76 Fourth Street, Somerville, New Jersey, and also provided to Fidelco copies of its letters to Badger dated September 7, 2006, and January 31, 2007.  (See Scottsdale correspondence dated January 31, 2007, to Fidelco, attached hereto as Exhibit F.)

23.  In addition, Scottsdale advised Fidelco: that because it was not a named insured on the Policy, that because Scottsdale had not been provided a written contract between Fidelco and Badger,

58591                                    5

and that because the Policy did not provide coverage for asbestos-related claims, there was no coverage under the Policy.

24.   The Scottsdale January 31, 2007, letter to Badger advised that because the claim at issue in the arbitration arises out of asbestos, no coverage existed under its Policy. (See Scottsdale's letter dated January 31, 2007, to Badger, which is attached hereto as Exhibit G.)

25.   Despite repeated requests for copies of the contract documents between Fidelco and Badger with regard to the roofing work for 76 Fourth Street, Somerville, New Jersey, neither Badger nor Fidelco has provided Scottsdale with same.

### COUNT ONE

### Fidelco is not an additional insured under Scottsdale's Policy.

26.   Plaintiff repeats and realleges the allegations made in paragraphs 1 through 25 of the Complaint as if set forth at full length herein.

27.   The named insured in the Policy is Badger Roofing Company, Inc.

28.   Fidelco is not named in the Policy as an additional insured.

29.   The Policy has an endorsement entitled **ADDITIONAL INSURED-OWNERS, LEASEES OR CONTRACTORS, AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU.** (Exhibit A.)

58591                                6

30.   This endorsement in pertinent part states as follows:

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**A.**   **Section II - Who is An Insured** is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

**1.**   Your acts or omissions; or
**2.**   The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured.

31.   Fidelco has failed to provide to Scottsdale a copy of any written contract or agreement that existed between it and Badger with regard to the roofing work to be done at 76 Fourth Street, Somerville, New Jersey.

32.   Because Fidelco has failed to demonstrate that it qualifies as an additional insured, as that term is defined by the Policy, it is not entitled to either a defense or coverage under the Policy.

58591                                  7

WHEREFORE, plaintiff Scottsdale Insurance Company requests judgment by this Court as follows:

1.   Determining that Fidelco is not an additional insured under the Scottsdale Policy and, as such, Scottsdale has no obligation under the Policy to defend or indemnify Fidelco for the claim made against it by Bristol-Myers Squibb;

2.   Awarding plaintiff its costs and disbursements; and

3.   For such other relief as this Court may deem just and proper.

**COUNT TWO**

**Neither Fidelco nor Badger is entitled to coverage under the Policy for the claim made by Bristol-Myers Squibb.**

33.   Plaintiff repeats and realleges the allegations made in paragraphs 1 through 32 of the Complaint as if set forth at full length herein.

34.   Included as part of the Policy is an endorsement entitled **ASBESTOS EXCLUSION**.

35.   This endorsement states the following:

The coverage afforded by this policy does not apply to bodily injury, personal injury or property damages arising out of:

1.   Inhaling, ingesting or prolonged physical exposure to asbestos or goods or products containing asbestos; or

58591                                                          8

> 2.    The use of Asbestos in construction or
>        manufacturing any good, product or
>        structure; or
>
> 3.    The removal of asbestos from any good,
>        product or structure; or
>
> 4.    The manufacture, sale, transportation,
>        storage or disposal of asbestos or goods
>        or products containing asbestos.
>
> The coverage afforded by the policy does not
> apply to payment for the investigation or
> defense or any loss, injury or damage or any
> cost, fine or penalty or for any expense of
> claim or suit related to any of the above.

36.    In addition, the Policy contains an endorsement entitled

**TOTAL POLLUTION EXCLUSION ENDORSEMENT**.    This provision reads in

part:

> This endorsement modifies insurance provided
> under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> Exclusion **f.** under Paragraph **2., Exclusions** of
> **Section I - Coverage A - Bodily Injury And
> Property Damage Liability** is replaced by the
> following:
>
> This insurance does not apply to:
>
> **f.    Pollution**
>        **(1)**    "Bodily injury" or "property
>                damage" which would not have
>                occurred in whole or part but
>                for the actual, alleged or
>                threatened    discharge,
>                dispersal, seepage, migration,
>                release  or  escape  of
>                "pollutants" at any time.

37.  **Section V-Definitions** at **15.** states: "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste.  Waste includes materials to be recycled, reconditioned or reclaimed.

38.  The Demand for Arbitration made by Bristol-Myers Squibb specifies that its claim arises "out of asbestos contamination at lease premises (located in Somerville, New Jersey) caused by landlord's roofing contractor."

39.  The Policy's Asbestos Exclusion and Total Pollution Exclusion bar coverage to Fidelco and Badger with regard to the claim made by Bristol-Myers Squibb.

WHEREFORE, plaintiff Scottsdale Insurance Company requests judgment by this Court as follows:

1.    Determining that plaintiff has no obligation under the Policy to defend or indemnify the defendants for the claim made by Bristol-Myers Squibb;

2.    Awarding plaintiff its costs and disbursements; and

3.    For such other relief as this Court may deem just and proper.

## COUNT THREE

**The Policy provides no coverage for breach of contract.**

40.  Plaintiff repeats and realleges the allegations made in paragraphs 1 through 39 of the Complaint as if set forth at full length herein.

41.  Bristol-Myers Squibb's Demand for Arbitration specifies that it is a "claim for breach of commercial lease by tenant against landlord...."

42.  The **COMMERCIAL GENERAL LIABILITY COVERAGE FORM Section I Coverages, 2. Exclusions** states in part:

> This insurance does not apply to:
>
> **b.   Contractual Liability**
> "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.

43.  The breach of contract claim made by Bristol-Myers Squibb is excluded from coverage by the Policy.

WHEREFORE, plaintiff Scottsdale Insurance Company requests judgment by this Court as follows:

1.  Determining that plaintiff has no obligation under the Policy to defend or indemnify the defendants for the breach of contract claim made by Bristol-Myers Squibb;

2.  Awarding plaintiff its costs and disbursements; and

3.  For such other relief as this Court may deem just and proper.

## COUNT FOUR

58591

11

**The Policy's exclusions bar coverage to defendant Badger.**

44.  Plaintiff repeats and realleges the allegations made in paragraphs 1 through 43 of the Complaint as if set forth at full length herein.

45.  The **COMMERCIAL GENERAL LIABILITY COVERAGE FORM Section I-Coverages, 2. Exclusions**, states the following in pertinent part:

> This insurance does not apply to:
>
> **j.    Damage To Property**
>
> "Property damage" to:
>
> **(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or
>
> **(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.
>
> **k.    Damage To Your Product**
> "Property damage" to "your product" arising out of it or any part of it.
>
> **l.    Damage To Your Work**
> "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

58591                          12

46.   Exclusions j(5), j(6), k, and l bar coverage to defendant Badger with regard to claims arising from its work at the premises located at 76 Fourth Street, Somerville, New Jersey.

WHEREFORE, plaintiff Scottsdale Insurance Company requests judgment by this Court as follows:

1.   Determining that plaintiff has no obligation under the Policy to defend or indemnify defendant Badger for any claims arising from its work on the premises of 76 Fourth Street, Somerville, New Jersey;

2.   Awarding plaintiff its costs and disbursements; and

3.   For such other relief as this Court may deem just and proper.


**BUDD LARNER, P.C.**
ATTORNEYS FOR PLAINTIFF,
SCOTTSDALE INSURANCE COMPANY



BY: S/ SUSANNA J. MORRIS (SM0080)

DATED: June 13, 20007