**SODINI & SPINA, LLC**
50 Division Street
Manahawkin, NJ  08050
(609)978-2325
Attorneys for Defendant Badger Roofing Company, Inc.

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SOMERVILLE FIDELCO ASSOCIATES, L.P.<br>and BADGER ROOFING COMPANY, INC.;<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>TRENTON VICINAGE<br><br>DOCKET NO. 07-CV-02763 (AET)(TJB)<br><br><br>Civil Action<br><br><br>ANSWER, SEPARATE DEFENSES,<br>COUNTERCLAIM AND<br>ANSWER TO CROSSCLAIMS |

Defendant Badger Roofing Company, Inc. ("Badger Roofing"), with its principal place

of business located at 5 Smalley Avenue, Middlesex, New Jersey, by way of Answer to the

Complaint of Plaintiff Scottsdale Insurance Company ("Scottsdale") says as follows:

### NATURE OF ACTION AND RELIEF SOUGHT

1-3.    To the extent paragraphs 1 through 3 contain conclusions of law, no response is

required or made and Badger Roofing is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in paragraphs 1 through 3.

### THE PARTIES

4-5.    To the extent paragraphs 4 and 5 contain conclusions of law, no response is

required or made and Badger Roofing is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in paragraphs 4 and 5.

6.    To the extent paragraph 6 contains conclusions of law, no response is required or

made and Badger Roofing is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in paragraph 6 except to admit that Badger Roofing is a

New Jersey Corporation with its place of business at 5 Smalley Avenue, Middlesex, New Jersey.

## JURISDICTION AND VENUE

7-8.    To the extent paragraphs 7 and 8 contain conclusions of law, no response is

required or made.

## THE FACTS

9-10.    To the extent paragraphs 9 and 10 contain conclusions of law, no response is

required or made and Badger Roofing is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in paragraphs 9 and 10 except to admit that

Scottsdale issued a certain policy of insurance bearing policy number BCS0010238 which had an

effective date of May 1, 2005 (the "Policy").

11-12.  To the extent paragraphs 11 and 12 contain conclusions of law, no response is

required or made and Badger Roofing denies the remaining allegations in paragraphs 11 and 12

except to admit that Badger Roofing contracted with Somerville Fidelco Associates, L.P.

("Fidelco") to do certain roofing work at the referenced premises (the "Premises").

13.    To the extent paragraph 13 contains conclusions of law, no response is required or

made and Badger Roofing denies the remaining allegations in paragraph 13 except to admit that

it ceased work at the Premises.

14-18.  To the extent paragraphs 14 through 18 contain conclusions of law, no response is

required or made and Badger Roofing is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in paragraphs 14 through 18.

19-21.  To the extent paragraphs 19 through 21 contain conclusions of laws, no response

is required or made and Badger Roofing denies the remaining allegations in paragraphs 19

through 21 except to admit that it received certain communications from Scottsdale, the terms of which speak for themselves.

22-25.  To the extent paragraphs 22 through 25 contain conclusions of law, no response is required or made and Badger Roofing denies the remaining allegations in paragraphs 22 through 25 except to admit that it received certain correspondence from Scottsdale, the terms of which speak for themselves.

<u>**COUNT ONE**</u>

26.    Badger Roofing repeats and realleges its responses to the allegations in paragraphs 1 through 25 as if same were fully set forth herein at length.

27-32.  To the extent paragraphs 27 through 32 contain conclusions of law, no response is required or made and Badger Roofing is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraphs 27 through 32 except to admit that Badger Roofing is a named insured under the Policy.

**WHEREFORE,** Badger Roofing demands judgment in its favor and against Scottsdale dismissing Count One of the Complaint, together with interest, counsel fees, costs of suit, and such other and further relief that the Court may deem just and reasonable.

<u>**COUNT TWO**</u>

33.    Badger Roofing repeats and realleges its responses to the allegations in paragraphs 1 through 32 as if same were fully set forth herein at length.

34-39.  To the extent paragraphs 34 through 39 contain conclusions of law, no response is required or made and Badger Roofing is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraphs 34 through 39 except to state that the terms of the Policy speak for themselves.

**WHEREFORE,** Badger Roofing demands that judgment be entered in its favor as follows:

(1)    Determining that Scottsdale has an obligation under the Policy to defend and indemnify Badger Roofing with respect to any and all claims arising out of the activities of Badger Roofing at the Premises;

(2)    Awarding Badger Roofing attorneys' fees, costs and disbursements; and

(3)    Awarding such other and further relief as the Court may deem just and reasonable.

## COUNT THREE

40.    Badger Roofing repeats and realleges its responses to the allegations in paragraphs 1 through 39 as if same were fully set forth herein at length.

41-43.  To the extent paragraphs 41 through 43 contain conclusions of law, no response is required or made and Badger Roofing is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraphs 41 through 43.

**WHEREFORE,** Badger Roofing demands judgment in its favor and against Scottsdale dismissing Count One of the Complaint, together with interest, counsel fees, costs of suit, and such other and further relief that the Court may deem just and reasonable.

## COUNT FOUR

44.    Badger Roofing repeats and realleges its responses to the allegations in paragraphs 1 through 43 as if same were fully set forth herein at length.

45-46.  To the extent paragraphs 45 and 46 contain conclusions of law, no response is required or made and Badger Roofing is without knowledge of information sufficient to form a belief as to the truth of the remaining allegations in paragraphs 45 and 46.

**WHEREFORE,** Badger Roofing demands that judgment be entered in its favor as follows:

(1)    Determining that Scottsdale has an obligation under the Policy to defend and indemnify Badger Roofing with respect to any and all claims arising out of the activities of Badger Roofing at the Premises;

(2)    Awarding Badger Roofing attorneys' fees, costs and disbursements; and

(3)    Awarding such other and further relief as the Court may deem just and reasonable

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of waiver, estoppel and/or unclean hands.

### THIRD SEPARATE DEFENSE

The claimed asbestos exclusion set forth in the Complaint does not bar insurance coverage for the claim.

### FOURTH SEPARATE DEFENSE

The claimed pollution exclusion set forth in the Complaint does not bar insurance coverage for the claim.

### FIFTH SEPARATE DEFENSE

Scottsdale's claim for attorney's fees, costs and disbursements is barred under New Jersey law.

### SIXTH SEPARATE DEFENSE

The Complaint is barred as a result of Plaintiff's bad faith.

### SEVENTH SEPARATE DEFENSE

The Complaint does not describe the claims being made with sufficient particularity to enable Badger Roofing to determine all defenses it may have in response to this action. Badger Roofing, therefore, reserves the right to assert all other defenses which may be pertinent to the Complaint and assert counterclaims and other claims once the precise nature of Scottsdale's claims are ascertained through discovery and investigation.

### COUNTERCLAIM AGAINST SCOTTSDALE INSURANCE COMPANY

Badger Roofing Company, Inc. (Badger Roofing"), by way of Counterclaim against Scottsdale Insurance Company ("Scottsdale"), says as follows:

### FIRST COUNT

1.      Badger Roofing is a corporation organized under the laws of the State of New Jersey with its principal place of business at 5 Smalley Avenue, Middlesex, New Jersey.

2.      Scottsdale is a corporation organized under the laws of one of the states of the United States and is licensed to conduct business as an insurance company in the State of New Jersey and at all relevant times herein has conducted business in the State of New Jersey.

3.      Scottsdale issued Commercial General Liability insurance to Badger Roofing under Policy No. BCS010238 for the period of May 1, 2005 through May 1, 2006 (the "Policy"). The insuring agreement provides that Scottsdale will pay those sums that the insured becomes

obligated to pay as damages because of "bodily injury" or "property damage" to which the insurance applies. The Policy also provides that Scottsdale has a duty to defend the insured against any suit seeking damages.

4.      In or about August, 2005, Badger Roofing entered into a contractual arrangement with Somerville Fidelco Associates, L.P. ("Fidelco") to perform certain work on premises owned by Fidelco (the "Premises").

5.      Pursuant to a request by Fidelco, Badger Roofing requested that Scottsdale name Fidelco as an additional insured under the Policy.

6.      Fidelco failed to provide any information to Badger Roofing relative to the roofing material and/or its constituents at the Premises and also failed to undertake any core sampling of the roof at the Premises in order to determine the materials contained therein.

7.      In or about September, 2005, Badger Roofing commenced removal of the existing roof at the Premises. During the course of the roof removal by Badger Roofing, there was infiltration of the Premises and it is alleged that certain of the infiltrants consisted, in part, of asbestos containing roof material.

8.      As the result of these infiltrations of the Premises, there was a cessation of operations by Badger with respect to the roof removal.

9.      Fidelco thereafter retained the services of an asbestos consultant for the purposes of creating a removal protocol and, subsequent thereto, Badger was permitted to return to the Premises to complete the project following the newly created protocol.

10.     As the result of the infiltration of the Premises, Bristol-Myers Squibb Company ("Bristol-Myers"), the exclusive occupant of the Premises, claimed that it was required to perform a clean-up and to incur certain expenses.

11.     In August of 2006, Bristol-Myers asserted a claim by way of a demand for arbitration against Fidelco for reimbursement of the costs and expenses it allegedly incurred in connection with the aforementioned clean-up.

12.     Bristol-Myers and Fidelco entered into arbitration and, in or about April or May of 2007, Fidelco and Bristol-Myers reached an agreement by the way of settlement of the claims asserted by Bristol-Myers.

13.     During the course of the aforementioned events, Fidelco advised Badger Roofing of the existence of the arbitration process and that Fidelo might seek reimbursement from Badger Roofing for any costs/damages incurred by Fidelco in connection with the claims of Bristol-Myers and the arbitration process.  In turn, Badger Roofing put Scottsdale on notice of these potential claims by Fidelco.

14.     Subsequent thereto, Scottsdale forwarded to Badger Roofing a letter of January, 2007 claiming that there was no coverage for any such claims under the Policy.

15.     Prior to the resolution of the matter with Bristol-Myers, Fidelco put Scottsdale on notice of the pending settlement.  In response, Scottsdale filed a declaratory judgment action seeking to secure judgment determining, *inter alia*, that there was no insurance coverage under the Policy for either Fidelco or Badger Roofing for the asserted claims.

16.     Fidelco filed an answer and a counterclaim seeking insurance coverage from Scottsdale.  Fidelco also asserted a crossclaim against Badger Roofing.

17.     There is an actual controversy between Scottsdale, Fidelco and Badger Roofing in connection with, *inter alia*, the claims asserted by Bristol-Myers in the arbitration and whether there is coverage under the Policy for any and all such claims.

18.     The Policy requires, *inter alia*, that Scottsdale defend the insured against lawsuits alleging "bodily injury" and "property damage" to which the insurance applies.

19.     The Policy also requires Scottsdale to indemnify the insured for those sums the insured is required to pay as damages because of "bodily injury" or "property damage" to which the insurance applies.

20.     The underlying claims allege "property damage" to the Premises.

21.     Badger Roofing is the named insured under the Policy.  The underlying claims are within the insuring agreement of the Policy and are not excluded by any exclusions in the Policy.

22.     After being notified of the existence of this controversy, Scottsdale advised that it was denying coverage for the underlying claims.

23.     In denying and disclaiming coverage for the underlying claims, Scottsdale breached its obligations under the Policy to Badger Roofing.

24.     As a result of the conduct of Scottsdale in this regard, Badger Roofing will be required to defend the claims asserted by Fidelco.

25.     As a result of the conduct of Scottsdale in this regard, Badger Roofing has been damaged and will continue to be damaged in the future.

**WHEREFORE**, Badger Roofing demands judgment against Scottsdale as follows:

(i)     Declaring that the Policy provides coverage for the underlying claims;

(ii)    Compelling Scottsdale to assume the defense of Badger Roofing and to defend and to indemnify Badger Roofing with respect to the underlying claims and any and all other claims at issue in this action;

(iii)   Compelling Scottsdale to reimburse Badger Roofing for any and all attorneys' fees costs incurred in connection with the underlying claims and any and all other claims at issue in this action and for compensatory damages, consequential damages, pre and post-judgment, and attorneys' fees and costs; and

(iv)    Compelling Scottsdale to assume financial responsibility and for any other relief that the court deems just and reasonable.

## SECOND COUNT

1.    Badger Roofing repeats and realleges the allegations in the First Count of the Counterclaims as if same were fully set forth herein at length.

2.    The Policy contains a duty of good faith and fair dealing which requires Scottsdale to act in good faith to its insured, Badger Roofing.

3.    Scottsdale has a duty and obligation to act in good faith in handling any and all claims asserted against Badger Roofing.

4.    Scottsdale breached its duties and obligations to Badger Roofing by engaging in improper conduct and omissions.

5.    These acts and omissions by Scottsdale to avoid its defense and indemnity obligations under the Policy are a breach of the covenant of good faith and fair dealing contained in the Policy.

6.    These acts and omissions by Scottsdale are a breach of Scottsdale's duties to its insured, Badger Roofing.

7.    As the result of the conduct of Scottsdale as aforedescribed, Badger Roofing has been damaged.

**WHEREFORE**, Badger Roofing demands judgment against Scottsdale as follows:

(i)    Declaring that the Policy provides coverage for the underlying claims;

(ii)    Compelling Scottsdale to assume the defense of Badger Roofing and to defend and to indemnify Badger Roofing with respect to the underlying claims and any and all other claims at issue in this action;

(iii)    Compelling Scottsdale to reimburse Badger Roofing for any and all attorneys' fees costs incurred in connection with the underlying claims and any

10

and all other claims at issue in this action and for compensatory damages, consequential damages, pre and post-judgment, and attorneys' fees and costs; and

(iv)    Compelling Scottsdale to assume financial responsibility and for any other relief that the court deems just and reasonable.

### ANSWER OF BADGER ROOFING TO CROSSCLAIMS OF SOMERVILLE FIDELCO ASSOCIATES, L.P.

Badger Roofing, with its principal place of business located at 5 Smalley Avenue, Middlesex, New Jersey, by way of Answer to the Crossclaims of Somerville Fidelco Associates, L.P. ("Fidelco"), says as follows:

### FIRST COUNT

103-104.    To the extent paragraphs 103 and 104 contain conclusions of law, no response is required or made and Badger Roofing is without knowledge or information sufficient to form a belief as to truth of the remaining allegations in paragraphs 103 and 104.

105.    To the extent paragraph 105 contains conclusions of law, no response is required or made and Badger Roofing admits that there existed a certain contract between Fidelco and Badger Roofing.

106.    To the extent paragraph 106 contains conclusions of law, no response is required or made and Badger Roofing admits it is a qualified, competent roofing contractor and was qualified and competent to perform pursuant to its agreement with Fidelco.

107.    To the extent paragraph 107 contains conclusions of law, no response is required or made and Badger Roofing admits that there was a certain contract, the terms of which speak for themselves.

108.    To the extent paragraph 108 contains conclusions of law, no response is required or made and Badger Roofing is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 108.

109.    To the extent paragraph 109 contains conclusions of law, no response is required or made and Badger Roofing is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 109.

110.    To the extent paragraph 110 contains conclusions of law, no response is required or made and Badger Roofing admits that work on the project commenced in or about September, 2005.

111-113.    To the extent paragraphs 111 through 113 contain conclusions of law, no response is required or made and Badger Roofing denies the remaining allegations in paragraphs 111 through 113.

114.    To the extent paragraph 114 contains conclusions of law, no response is required or made and Badger Roofing is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 114 except to deny any wrongful conduct on the part of Badger Roofing to the extent alleged therein and to deny any liability of Badger Roofing to the extent alleged therein.

115-117.    To the extent paragraphs 115 through 117 contain conclusions of law, no response is required or made and Badger Roofing denies the remaining allegations in paragraphs 115 through 117.

## SECOND COUNT

118.    Badger Roofing repeats and realleges its responses to the allegations in the First Count of the Crossclaims as if same were fully set forth herein at length.

119.    To the extent paragraph 119 contains conclusions of law, no response is required or made and Badger Roofing admits it is a qualified, competent roofing contractor and was qualified and competent to perform pursuant to its agreement with Fidelco.

120.    To the extent paragraph 120 contains conclusions of law, no response is required or made and Badger Roofing is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 120 except to deny that it owed any duty to Bristol- Myers as alleged.

121-124.    To the extent paragraphs 121 through 124 contain conclusions of law, no response is required and Badger Roofing denies the remaining allegations in paragraphs 121 through 124.

## THIRD COUNT

125.    Badger Roofing repeats and realleges its responses to the allegations in the preceding Counts of the Crossclaims as if same were fully set forth herein at length.

126-127.    To the extent paragraphs 126 and 127 contain conclusions of law, no response is required or made and Badger Roofing is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraphs 126 and 127 except to deny any wrongful conduct on the part of Badger Roofing to the extent alleged therein and to deny any liability of Badger Roofing to the extent alleged therein.

128.    To the extent paragraph 128 contains conclusions of law, no response is required or made and Badger Roofing denies the remaining allegations in paragraph 128.

129.    To the extent paragraph 129 contains conclusions of law, no response is required or made and Badger Roofing is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 129.

130.    To the extent paragraph 130 contains conclusions of law, no response is required or made and Badger Roofing denies the remaining allegations in paragraph 130.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Crossclaims fail to state a claim or cause of action upon which relief may be granted against Badger Roofing.

### SECOND SEPARATE DEFENSE

Badger Roofing breached no duty to Fidelco.

### THIRD SEPARATE DEFENSE

Assuming, arguendo, that Badger Roofing breached any duty it may have had to Fidelco, any such breach was not the proximate cause of any injuries or damages allegedly sustained by Fidelco.

### FOURTH SEPARATE DEFENSE

Fidelco is not entitled to recovery of any damages under the Crossclaims as the result of its failure to disclose the existence of material facts with regard to the composition of the roofing materials.

### FIFTH SEPARATE DEFENSE

The Crossclaims are barred by the doctrine of laches.

### SIXTH SEPARATE DEFENSE

The Crossclaims are barred by the doctrines of waiver and/or estoppel.

### SEVENTH SEPARATE DEFENSE

The Crossclaims are barred by the doctrine of unclean hands.

### EIGHTH SEPARATE DEFENSE

Recovery of any alleged damages by Fidelco against Badger Roofing is barred or diminished in whole or in part by the doctrine of avoidable consequences.

## NINTH SEPARATE DEFENSE

The Crossclaims do not describe the claims being made with sufficient particularity to enable Badger Roofing to determine all defenses it may have in response to the Crossclaims. Badger Roofing, therefore, reserves the right to assert all other defenses which may be pertinent to the Crossclaims and assert counterclaims and other claims once the precise nature of the Crossclaims are ascertained through discovery and investigation.

**WHEREFORE**, Badger Roofing demands judgment dismissing the Crossclaims and any and all claims asserted therein against it with prejudice, together with attorney's fees, costs of suit and such other and further relief which the Court may deem just and reasonable.

SODINI & SPINA, LLC
Attorneys for Defendant
Badger Roofing Company, Inc,

By:_____s/Gregg S. Sodini_____
    GREGG S. SODINI

Dated: March 4, 2008