POST & SCHELL, P.C.
Jay A. Gebauer
Overlook Center 2nd Floor, 100 Overlook Drive, Princeton, NJ 08540
Phone: (609) 924-3333
Attorney for Plaintiff, Scottsdale Insurance Company

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY<br><br>Plaintiff<br><br>vs.<br><br>SOMERVILLE FIDELCO ASSOCIATES, L.P., AND BADGER ROOFING CO., INC.<br><br>Defendants<br><br>and<br><br>SOMERVILLE FEDELCO ASSOCIATES, L.P.<br><br>Third-Party Plaintiffs<br><br>vs.<br><br>QUINCY MUTUAL FIRE INSURANCE COMPANY, AMERICAN HOME ASSURANCE COMPANY<br><br>Third-Party Defendants | UNITED STATES DISTRICT COURT FOR DISTRICT OF NEW JERSEY TRENTON COUNTY LAW DIVISION<br><br>DOCKET NO. 07-CV-02763<br><br>CIVIL ACTION<br><br> |

## PROPOSED JOINT DISCOVERY PLAN

The parties hereby submit their proposed joint discovery plan.

### I.   BRIEF SUMMARY OF THE FACTS OF THE CASE

This matter declaratory judgment action arises from a coverage dispute on a Scottsdale policy purchased by defendant, Badger Roofing. Somerville Fidelco ("SF"), a named defendant in this action, was a named respondent in an arbitration claim filed by Bristol-Myers Squibb ("BMS"). The underlying arbitration was a claim for damages BMS allegedly suffered arising out of Badger's roof replacement, covering a period from late 2005 to early 2006. SF owned the premises and leased space to BMS. SF also hired Badger to complete the roof work. SF is seeking coverage as an additional insured under Badger's policy.

Proposed Joint Discovery Plan
07-CV-02763

Badger Roofing filed counter-claims against plaintiff and cross-claims against SF. SF filed counter-claims against plaintiff and cross-claims against Badger Roofing for an amount exceeding $575,000.00. SF also filed a third-party Complaint to include various insurance carriers as potentially liable for coverage for any claimed damages.

II.   **STATUS OF SETTLEMENT NEGOTIATIONS**    *Settlement Conference to be set*

The parties have not engaged in settlement negotiations.

III.  **DISCOVERY PLAN**

(a)   Timing, form, or requirements of mandatory disclosures under Federal Rule of Civil Procedure 26(a):

At this point, all parties have supplied responses to initial disclosures, although the parties may seek additional documents referenced in the various parties' submissions.

(b)   **Date on which mandatory disclosures were or will be made:** Complete.

(c)   **Anticipated substantive scope of discovery, including both discovery relevant to the claims and defenses and discovery relevant to the subject matter of the dispute:**

The parties will exchange written discovery addressing the allegations in plaintiff's Complaint. The requests for written discovery will include, but not be limited to: policy information; Somerville Fidelco's Status as an additional insured, including, but not limited to, any and all signed contracts or agreements; documents and testimony concerning the discovery, investigation and/or testing of asbestos and/or any other pollutants; any additional material not included in the arbitration file including, but not limited to, the final settlement documents; material involving any and all cross claims and/or third-party complaints including, but not limited to, claims for monetary damages and insurance coverage.

The parties intend to conduct depositions after receipt of materials requested through discovery requests and/or subpoenas.

Plaintiff will submit experts' reports pursuant to examination of the discovery exchanged to date and received in response to any and all written demands. Plaintiff will also submit an expert report as to defendants' claimed economic damages.

Although experts' reports were supplied by direct defendants in the underlying arbitration, the defendants and/or third-party defendants will require time to submit initial and responsive reports.

The parties must include time for conducting the depositions of any and all experts retained by the parties.

Proposed Joint Discovery Plan
07-CV-02763

(d) **Discovery of computer-based or other digital information:**

At this time, the parties do not believe that discovery will be in computer-based or digital format.

(e) **Proposed discovery completion dates:**

    (i) Close of fact discovery: December 15, 2008 *[handwritten: 3, 2008 at 10:30]*
    *[handwritten: Telephone Conference: December 3, 2008 — Plaintiff to initiate the call]*
    (ii) Party and/or Witness depositions: February 15, 2009
    (iii) Close of expert discovery: April 15, 2009
    (iv) Experts' Depositions on or before June 1, 2009
    (v) Close of all discovery: June 15, 2009
    (vi) Dispositive motions due: July 24, 2009 *[handwritten: 20, 2009 at 11AM]*
    *[handwritten: FPC: August 20, 2009 at 11AM]*

(f) **Changes in limitations imposed by the Federal Rules of Civil Procedure, local rule, or standing order:**

All counsel agree that discovery should be conducted in accordance with the parameters set forth in the Federal Rules of Civil Procedure, subject to modification by agreement of the parties or by Court order, as necessary under the circumstances.

(g) **Protective orders:**

The parties do not believe that a protective order is necessary in this action.

(h) **Proposed deadline for joining other parties, amending pleadings:** October 1, 2008

(i) **Proposed deadline for completing discovery:** *See above.*

(j) **Proposed dates for filing motions and for trial:** *See above.*

(k) **Voluntary arbitration, mediation, or appointment of a special master:**

To be determined during the course of discovery.

POST & SCHELL, P.C.

By: _____
Jay A. Gebauer
Attorney for Plaintiff
Scottsdale Insurance Company

SODINI & SPINA

By: _____
Michael Collins, Esquire
Attorney for Defendant,
Badger Roofing Co.

**So Ordered this** _2_ **day of** _September_, **20** _08_

- 3 -