UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY<br><br>　　　　Plaintiff,<br><br>V.<br><br>SOMERVILLE FIDELCO ASSOCIATES, L.P. AND BADGER ROOFING CO., INC.<br><br>　　　　Defendants<br><br>AND<br><br>SOMERVILLE FIDELCO ASSOCIATES, L.P.<br><br>　　　　Third Party Plaintiffs<br><br>V.<br><br>QUINCY MUTUAL FIRE INSURANCE COMPANY, AMERICAN HOME ASSURANCE COMPANY<br><br>　　　　Third Party Defendants | CIVIL ACTION NO.: 3:07-CV-02763 (AET) (TJB)<br><br><br>Civil Action |

---

**DEFENDANT, QUINCY MUTUAL FIRE INSURANCE COMPANY'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

---

　　　　　　　　　　　　　　　　　　**METHFESSEL & WERBEL, ESQS.**
　　　　　　　　　　　　　　　　　　3 Ethel Road, Suite 300,
　　　　　　　　　　　　　　　　　　PO Box 3012
　　　　　　　　　　　　　　　　　　Edison, New Jersey 08818
　　　　　　　　　　　　　　　　　　(732) 248-4200, +1(732) 248-2355
　　　　　　　　　　　　　　　　　　mailbox@methwerb.com
　　　　　　　　　　　　　　　　　　Attorneys for Quincy Mutual Fire
　　　　　　　　　　　　　　　　　　Insurance Company
　　　　　　　　　　　　　　　　　　Our File No.  68637 FPG

Fredric P. Gallin, Esq.
Of Counsel and on the Record

## **STATEMENT OF FACTS**

Somerville Fidelco, a Schenkman Kushner company, owned property in Somerville.  The tenant was Bristol Meyers.  Bristol Meyers used the facility for housing test monkeys used for clinical trials.

Because the facility had a leaking roof, Somerville Fidelco brought in Badger Roofing to replace the roof.  In or about September of 2005, in the course of Badger's work, debris entered the building.  Bristol Meyers is hypersensitive about this facility because of the monkeys.  The monkeys are in quarantine and cannot be exposed to situations which would affect their ability to be used in clinical tests.  Accordingly specialists were brought in to test the dust and debris which got into the Bristol Meyers facility.  Some of it was found to be asbestos.  As soon as some of it was found to be asbestos Bristol Meyers acted under the assumption that all of it was asbestos and treated the properties as needing an asbestos clean up.

 Work on the roof was halted and an asbestos removal company, Slavco was brought in to remove the rest of the roof.  Specialists were brought in to decontaminate the facility.  Bristol Meyers treated this as an asbestos clean up.  They acted very conservatively.  Everything about this clean up involves asbestos.

It is anticipated that Somerville Fidelco will argue that actual sampling demonstrated that there was very little asbestos that actually got into the building.  That is not the point.  The point is that Bristol

Meyers treated it as an asbestos clean up. Whether they overreacted or not is also not the point here. Ultimately Somerville Fidelco settled the arbitration claim for a very high percentage of what Bristol Meyers was looking for.

Bristol Meyers filed an arbitration citing this as an asbestos situation. The Brief they submitted for the purposes of Arbitration treated this as an asbestos case. Because this was treated as an asbestos case, Somerville Fidelco cannot claim this case has nothing to do with asbestos.

Somerville Fidelco had insurance with Quincy Mutual had two relevant exclusions. One was an absolute asbestos exclusion which excluded claims which had anything to do with asbestos. The second is an owned property exclusion. This also has applicability because what was cleaned up was property owned by Somerville Fidelco.

**LEGAL ARGUMENT**

We presume the Court is familiar with the standard law concerning interpretation of insurance policies.  It is understood that insurance policies are interpreted in favor of the insured.  If there is any ambiguity in the policy it is interpreted favorably to the insured.  However, clear and unambiguous exclusions will be enforced.  It is not the purpose of the Court to write a better policy for the insured than that which they obtained.  <u>Chubb Custom Insurance Company v. Prudential Insurance Company of America</u>, 195 N.J. 231, 237 (2008); <u>Zacarias v. Allstate Insurance Company</u>, 168 N.J. 590, 595 (2001).

In this case the asbestos exclusion is quite clear and quite unambiguous.  It states that the insurance policy shall not apply to "any loss, claim or expense caused by, resulting from or arising out of asbestos, exposure to asbestos or any product containing asbestos."  It is respectfully submitted that there is nothing ambiguous about it.  If the claim involves asbestos, there is no coverage.

It is quite clear, in reviewing Bristol Meyers' evidence, that the arbitration demand (which constitutes the pleading in connection with the Bristol Meyers' claims and for which Somerville Fidelco sought a defense) and Bristol Meyers' Brief, that everything they were talking about and complaining about had to do with asbestos.  Clearly Bristol Meyers claims arose out of asbestos.  What they paid for arose out of asbestos.  They treated this as an asbestos site.  They paid a large

amount of money for asbestos decontamination. Since claims arising out of asbestos are excluded under the Quincy Mutual policy, the claims brought by Bristol Meyers against Somerville Fidelco arose out of asbestos. Similarly, the money paid by Somerville Fidelco to settle Bristol Meyers claims was for reimbursing Bristol Meyers for the expenses Bristol Meyers occurred as a result of the asbestos contamination. Such a clear and unambiguous exclusion will be enforced. See generally Nunn v. Franklin Mutual Insurance Company, 274 N.J. Super 543 (App. Div. 1994).

Even if this Court were not to rule in favor of Quincy Mutual based upon the absolute asbestos exclusion, there are also issues raised in the case by the owned property exclusion. What was cleaned up in this case was Somerville Fidelco's own property. It was property it rented to others. The insurance does not apply to property damage to property you "own, rent or occupy".

The owned property exclusion has been found to be clear, unambiguous and enforceable. State v. Signo Trading International, Inc., 130 N.J. 151 (1982).

Here the work was being done to fix the roof on Somerville Fidelco's building. It was Somerville Fidelco's building which suffered property damage as a result of debris from the roofing work. The biggest expense was decontaminating the space rented to Bristol Meyers which would fall

within the exclusion for property damage to property owned or rented by the insured.

Case 3:07-cv-02763-AET-TJB    Document 44    Filed 10/09/2009    Page 6 of 7

## **CONCLUSION**

For the reasons stated above it is respectfully that the Quincy Mutual policy unambiguously excludes coverage for the claims brought by Bristol Meyers against Somerville Fidelco.  Because such claims are unambiguously excluded Quincy Mutual's disclaimer in this case was proper.  Accordingly Quincy Mutual should have no duty to reimburse Somerville Fidelco for either the amounts it paid to Bristol Meyers in settlement of Bristol Meyers claims or the legal fees incurred in defending the arbitration proceeding.  It is further requested that this Honorable Court grant Quincy Mutual such other and further relief as the Court deems just and equitable.

        Respectfully submitted,

        **METHFESSEL & WERBEL, ESQS.**
        Attorneys for Quincy Mutual Fire Insurance Company

        By:_____
            Fredric Paul Gallin

DATED: October 8, 2009