IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY,<br><br>               Plaintiff,<br><br>vs.<br><br>SOMERVILLE FIDELCO ASSOCIATES,<br>L.P. and BADGER ROOFING CO., INC.,<br><br>               Defendants.<br><br>SOMERVILLE FIDELCO ASSOCIATES, L.P.,<br><br>               Third Party Plaintiffs,<br><br>vs.<br><br>QUINCY MUTUAL FIRE INSURANCE<br>COMPANY, AMERICAN HOME<br>ASSURANCE COMPANY,<br><br>               Third Party Defendants. | Civil Action No.: 3:07-cv-02763 (AET) (TJB)<br><br>**ELECTRONICALLY FILED**<br><br>**Return Date:**<br>**January 19, 2010**<br><br><br>**ORAL ARGUMENT REQUESTED** |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION
FOR SUMMARY JUDGMENT ON BEHALF OF
AMERICAN HOME ASSURANCE COMPANY**

                                  SAIBER LLC
                                  18 Columbia Turnpike, Suite 200
                                  Florham Park, New Jersey 07932
                                  TEL: 973-622-3333
                                  FAX: 973-622-3349
                                  E-MAIL: mcohen@saiber.com
                                  Attorneys for Third Party Defendant
                                  American Home Assurance Company

Of Counsel and on the Brief:
Michael H. Cohen, Esq.

On the brief:
Melissa A. Natale, Esq.

# TABLE OF CONTENTS

|   | Page |
|---|---|
| TABLE OF AUTHORITIES | iii |
| PRELIMINARY STATEMENT | 1 |
| LEGAL ARGUMENT | 3 |

**POINT I**

THE ADDITIONAL INSURED COVERAGE AFFORDED UNDER THE AHA POLICIES DOES NOT EXTEND TO FIDELCO'S LIABILITY TO AHA'S NAMED INSURED AS A MATTER OF LAW .................................................................. 3

    A.    The Arguments Presented In Fidelco's Opposition Are Futile Because Fidelco Is Not Claiming Additional Insured Coverage For Injury To A Third-Party .......................... 4

    B.    Fidelco Plainly Did Not Defend And Settle A Claim For Liability Arising Out Of *BMS*' Operations, Work Or Premises .................................................................. 6

    C.    Fidelco's Distorted Claim That The Additional Insured Endorsements Are Ambiguous Is Meritless And Does Not Create Additional Insured Coverage For This Claim ............ 9

**POINT II**

THE "OWNED PROPERTY" EXCLUSION PRECLUDES COVERAGE FOR DAMAGES ASSOCIATED WITH BMS' OWN PROPERTY AS A MATTER OF LAW .................................. 10

**POINT III**

THERE IS NO QUESTION OF FACT THAT *BMS* HAD KNOWLEDGE OF THE PROPERTY DAMAGE BEFORE THE POLICY INCEPTED ....................................................... 12

{00600497.DOC}

i

**POINT IV**

**FIDELCO'S CLAIM THAT THERE ARE DISPUTED ISSUES OF FACT VIOLATES THIS COURT'S AUGUST 13, 2009 ORDER AND FAILS TO ESTABLISH THAT AHA IS NOT ENTITLED TO SUMMARY JUDGMENT**.............................. 14

**CONCLUSION**.................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

**State Cases**

Campbell v. Shrewsbury Surgicenter,
2009 WL 383364 (N.J. App. Div., February 18, 2009),
*certif. denied*, 199 N.J. 134 (2009)........................................................ 5, 8

County of Hudson v. Selective Ins. Co.,
332 N.J. Super. 107 (App. Div. 2000)........................................................ 4, 8

Franklin Mut. Ins. Co. v. Security Indem. Ins. Co.,
275 N.J. Super. 335 (App. Div.), *certif. denied*, 139 N.J. 185 (1994)......... 4, 8

Harrah's Atlantic City, Inc. v. Harleysville Ins. Co.,
288 N.J. Super. 152 (App. Div. 1996)........................................................ 5, 8

Hartford Acc. & Indem. Co. v. Aetna Life & Cas. Ins. Co.,
98 N.J. 18 (1984)........................................................................................ 6

Insurance Corp. of New York v. Cohoes Realty Associates, LP,
50 A.D.3d 1228, 854 N.Y.S.2d 815 (3d Dep't 2008)................................... 12

Liberty Village Associates v. West American Ins. Co.,
308 N.J. Super. 393 (App. Div.), *certif. denied*, 154 N.J. 609 (1998)......... 5, 8

Pennsville v. American Motorists Ins. Co.,
315 N.J. Super. 519 (App. Div. 1998)........................................................ 4, 5, 8

Reliance Ins. Co. v. Armstrong World Industries, Inc.,
292 N.J. Super. 365 (App. Div. 1996)........................................................ 12

State v. Signo Trading International, Inc., 130 N.J. 51 (1992).................... 12

Voorhees v. Preferred Mut. Ins. Co., 128 N.J. 165 (1992).......................... 6

Weedo v. Stone-E-Brick, Inc. 81 N.J. 233 (1979)....................................... 4, 7

|  | Page(s) |
|---|---|

**Secondary Authorities**

7A <u>Couch on Ins. 3d</u> § 103:19 (2009)................................................  4

**Court Rules**

Fed. R. Civ. P. 56(c)...........................................................................  2

## **PRELIMINARY STATEMENT**

Third Party Defendant American Home Assurance Company ("AHA") submits this reply memorandum in further support of its motion for summary judgment, and in response to the joint opposition filed by Defendant/Third Party Plaintiff Somerville Fidelco Associates, LP ("Fidelco") to the pending summary judgment motions of AHA, Scottsdale Insurance Company ("Scottsdale") and Quincy Mutual Fire Insurance Company ("Quincy Mutual").

AHA is entitled to summary judgment because Fidelco is not an additional insured under the terms of the two additional insured endorsements to the AHA Policies. At its core, this is a case about a landlord seeking to transfer the risk of breach of its lease obligations owed to a tenant – including its faulty performance of roof repair work – onto that tenant and its insurer when there is absolutely no evidence that the parties intended to so subvert the distribution of risks under their lease agreement. Fidelco's scattershot claims of fact issues and distorted interpretations of the AHA policy terms are irrelevant and fundamentally defective because they ignore the undisputed fact that this claim does not concern injuries to a third party or any question of whether such risks were transferred under the parties' lease agreement by way of contractual indemnity or third party additional insurance.

For the reasons stated in its moving papers[1] and herein, AHA respectfully submits that the pleadings, discovery and disclosure materials on file, and the declarations submitted, continue to show that there is no genuine issue as to any material fact, and that AHA is accordingly entitled to a declaration as a matter of law that Fidelco is not an insured under the AHA Policies for the BMS claims. Fed. R. Civ. P. 56(c). The Court should therefore dismiss the Third Party Complaint against AHA in its entirety or, in the alternative, declare no coverage under the 06-07 AHA Policy.

---

[1] AHA hereby relies upon and incorporates by reference the entirety of its moving papers including: Memorandum of Law ("AHA moving brief"), Statement of Material Undisputed Facts pursuant to Rule 56.1 ("AHA Statement of Facts"), and Declaration of Michael H. Cohen with Exhibits A-X in support ("the Cohen Dec.").

{00601149.DOC}                            2

## POINT I

### THE ADDITIONAL INSURED COVERAGE AFFORDED UNDER THE AHA POLICIES DOES NOT EXTEND TO FIDELCO'S LIABILITY TO AHA'S NAMED INSURED AS A MATTER OF LAW.

As AHA demonstrated in its moving papers, the additional insured coverage afforded under the AHA Policies[2] plainly does not extend to Fidelco's liability for BMS' damages caused by *Fidelco's* negligent performance of its own lease obligations. Fidelco's eleventh-hour efforts to manufacture alleged issues of fact and claims of policy ambiguity amount to nothing more than red-herrings because Fidelco cannot dispute the controlling fact that the claim does not concern injuries to a third party, much less demonstrate that it arises out of BMS' premises, work or operations.[3] Fidelco's hollow claim that "factual issues abound," Fidelco brief at

---

[2] Additional insured coverage is afforded under the AHA Policies under the "Managers or Lessors of Premises Endorsement" which applies to "liability arising out of the ownership, maintenance or use of that part of the premises leased to [BMS]…," and the "Where Required Under Contract or Agreement Endorsement" which applies to "liability arising out of [BMS'] operations or premises owned by or rented to [BMS]." See, AHA Statement of Facts at ¶¶5 & 6 and Fidelco's response to same; Exhibit D at AHA 0204 & 0182, Exhibit E at AHA 0343, 0310 & 0349. Fidelco fails to allege which endorsement is applicable. AHA maintains that the more specific Managers or Lessors Endorsement applies to the Fidelco/BMS lease insurance requirement, but submits that it has not been established that either endorsement applies to this loss.

[3] As detailed in AHA's moving brief, both of the possible additional insured endorsements require a "substantial nexus" to ownership, maintenance or use of the premises leased to BMS or to a BMS operation. See, Exhibit D to the Cohen Dec. at AHA 0204 and 0182, and Exhibit E at AHA 0343, 0310 and 0349.

pg 1, notwithstanding, there is no genuine dispute precluding summary judgment that Fidelco's claim is not covered under the AHA Policies.

### A. The Arguments Presented In Fidelco's Opposition Are Futile Because Fidelco Is Not Claiming Additional Insured Coverage For Injury To A Third-Party.

It is undisputed that Fidelco seeks to recoup sums it incurred to defend and settle its alleged liability to BMS in connection with the parties' lease dispute, and not for any injuries sustained by a third party. Fidelco brief at pgs 1, 11, 37 & 42-44. This fact is fatal to Fidelco's coverage claim and to all of the arguments presented in Fidelco's opposition brief.

As demonstrated in AHA's moving papers, it is a basic tenet of insurance law that liability insurance policies insure for an insured's tort liability owed to a third party. Weedo v. Stone-E-Brick, Inc. 81 N.J. 233, 239-40 (1979); see also, 7A Couch on Ins. 3d § 103:19 (2009)("policies of liability insurance are designed to cover an insured's tort liability").

The New Jersey courts have held that additional insured endorsements such as those presently at issue generally afford coverage for a *third party's* injury "originating from" or "growing out of" or "having a substantial nexus" to the work, operations or premises of the named insured. County of Hudson v. Selective Ins. Co., 332 N.J. Super. 107, 115 (App. Div. 2000); Pennsville v. American Motorists Ins. Co., 315 N.J. Super. 519, 523 (App. Div. 1998); Franklin Mut. Ins. Co. v. Security Indem. Ins. Co., 275 N.J. Super. 335, 340-41 (App. Div.), *certif.*

*denied*, 139 N.J. 185 (1994); Harrah's Atlantic City, Inc. v. Harleysville Ins. Co., 288 N.J. Super. 152, 158-59 (App. Div. 1996); Liberty Village Associates v. West American Ins. Co., 308 N.J. Super. 393, 401-02 (App. Div.), *certif. denied*, 154 N.J. 609 (1998); Campbell v. Shrewsbury Surgicenter, 2009 WL 383364, *7-8 (N.J. App. Div., February 18, 2009), *certif. denied*, 199 N.J. 134 (2009).

Fidelco acknowledges in its opposition to Scottsdale's motion that "CGL policies are designed to protect the insured against losses to third parties that arise out of the insured's business operation," Fidelco brief at pg 11. This critical point is conveniently and conspicuously ignored, however, with respect to the AHA Policies.

Instead, Fidelco makes the half-hearted argument that coverage must be afforded under AHA's additional insured endorsements because the endorsements do not specifically exclude Fidelco's liability to the named insured for *its* negligent performance of its lease obligations. Fidelco brief at pg 44. The argument does not even attempt to address the undisputed fact that the parties' lease agreement does not support the transfer of the lease obligations Fidelco owed to BMS *onto BMS* and BMS' insurer, much less the legal effect of this fact under Pennsville, 315 N.J. Super. at 523. Fidelco's misguided effort to construe policy terms in a vacuum simply cannot support an outcome that would completely subvert Fidelco's and BMS' distribution of risks under the lease agreement as a matter of law. Id.

## B. Fidelco Plainly Did Not Defend And Settle A Claim For Liability Arising Out Of *BMS*' Operations, Work Or Premises.

Fidelco's effort to establish that its liability arose out of the operations, work or premises of BMS is fundamentally flawed because it completely ignores the undisputed fact that Fidelco defended and settled *its* alleged liability to BMS for *its* breach of the lease agreement.

As an initial matter, any claims that Fidelco may have asserted in the underlying action regarding BMS' responsibilities under the lease agreement for replacement of a portion of the roof are totally irrelevant. The scope of coverage is determined not on the basis of Fidelco's affirmative defense alleging a right of set-off for the cost of roof repair as BMS' alleged obligation under the lease, but upon the basis of *BMS' claims against Fidelco*, the only claims defended, settled and for which coverage is sought. See, Voorhees v. Preferred Mut. Ins. Co., 128 N.J. 165, 173 (1992)(duty to defend is triggered by complaint alleging covered claim); Hartford Acc. & Indem. Co. v. Aetna Life & Cas. Ins. Co., 98 N.J. 18, 22 (1984). It is simply nonsensical to suggest that Fidelco faced any legal liability for damages attributable *BMS'* alleged breach or operations.

Fidelco's next argument, that the damages arose out of BMS' operation of a "near-sterile environment," Fidelco brief at pgs 46-47, only seemingly gains traction because Fidelco once again obfuscates the critical requirement that the liability concern injury to *a third party*. Obviously if BMS is the one that has

sustained injury, the claim for damages will conveniently have the requisite nexus to BMS' operations, work or premises. The "arising out of" requirement is superfluous when the coverage is taken out of context in this manner. Fidelco's claim in this regard is simply a red herring.

Significantly, Fidelco only attempts to make the strained argument that the loss arose out of BMS' operations in connection with its coverage claim against AHA. In its opposition to the Scottsdale and Quincy Mutual motions, Fidelco acknowledges that its responsibility to BMS arose out of the business operations of Badger, whom it had hired to repair the roof pursuant to its lease obligations. Fidelco brief at pg 29 ("In this case, the damage to BMS for which Fidelco had to compensate its tenant arose out of Badger's negligent removal of the roof without taking adequate precautions to prevent dust infiltration"). These conflicting arguments only serve to underscore the futility of Fidelco's claim.

Finally, Fidelco resorts to claiming that there are issues of "fact" precluding summary judgment on the "arising out of" issue because there was never any determination as to which party had responsibility for the roof repairs under the lease agreement. Fidelco brief at pgs 46-47. Putting aside for the moment that this claim raises an issue of law, and not fact, see, Weedo, supra at 479-480 (interpretation of contract is question for court to decide as a matter of law), the argument is simply another irrelevant red herring. A determination regarding the responsibilities assumed by the parties under the lease agreement might inform

coverage liability and concomitant shifting of risk associated with damages sustained by a third party. However, as Fidelco persistently seems to forget, its additional insured claim here is for *its* alleged liability *to BMS*.[4] Thus, there can be no question as to whether the risk was transferred under the lease to BMS by way of contractual indemnity or third party "additional" insurance.

In sum, it is readily apparent that Fidelco has not, and indeed cannot, demonstrate how the damages it paid to BMS, which were caused by its own negligent roof work, constitute liability arising out of a *BMS* operation.[5] BMS clearly *alleged* that Fidelco had the responsibility for the roof, and that Fidelco breached those obligations. See, Demand for Arbitration, Exhibit P to the Cohen Dec. BMS' Arbitration Submission, Exhibit S, and Fidelco's Arbitration Submission, Exhibit R. Fidelco obviously understood this to be BMS' allegation, and recognized its own lease obligations by paying BMS nearly the full amount

---

[4] Fidelco tries to get around Pennsville by claiming that this so-called "factual issue" as to lease responsibility is dispositive. However, as pointed out in AHA's brief, Pennsville and the other cited cases concerned the lease expectations of a landlord and tenant regarding transfer of risk of injury to a *third party* – something which is, again, missing in this case. Pennsville, supra, at 523; County of Hudson, supra at 116-17; Franklin Mut. Ins. Co., supra, at 340-41; Harrah's, supra, at 158-59; Liberty Village Associates, supra, at 401-02; and Campbell, supra, at *7-8.

[5] Nor does it matter whether any portion of the settlement amount paid by Fidelco specifically relates to items of loss sought by BMS as part of its original demand, *i.e.*, rent abatement or the boarding of monkeys. Whether or not Fidelco's liability arose out of any BMS operation or work, these are again simply elements of the damages that Fidelco defended against and settled. Thus contrary to Fidelco's contention, there is no "fact issue" here either.

{00601149.DOC}                            8

sought in the arbitration.[6]  There is no fact issue here and AHA is entitled to summary judgment as a matter of law.

### C. Fidelco's Distorted Claim That The Additional Insured Endorsements Are Ambiguous Is Meritless And Does Not Create Additional Insured Coverage For This Claim.

In yet another effort to circumvent the undisputed fact that this claim is not a third party liability and is not the proper subject for additional insured coverage, Fidelco attempts to argue that the additional insured endorsements are somehow ambiguous and must be construed against AHA in favor of coverage. Fidelco brief at pgs 44-45. This argument is totally without merit.

Contrary to Fidelco's assertion, AHA does not "acknowledge" any conflict, nor is there any conflict between the two Endorsements. As previously briefed, AHA submits that the more specific "Managers or Lessors of Premises Endorsement" applies to Fidelco's claim.[7]  AHA moving brief at pg 6. Fidelco does not even attempt to identify any particular policy term or provision in the AHA additional insured endorsements that is allegedly ambiguous, nor can it. Moreover, its claim that the absence of an exclusion in one endorsement

---

[6] The evidence also shows it was exclusively the obligation of Fidelco. AHA Statement of Facts at ¶¶20-23, 35, Stipulation of Facts from underlying arbitration at ¶¶8, 10-12, Exhibit F, Wheatley Report at page 6 of 7, Exhibit Q, and Leavy Report at SF00536, Exhibit I.

[7] Unlike with the "Managers or Lessors Endorsement," Fidelco finds no exception with the limiting language of the "Where Required Under Contract Endorsement," effectively limiting any coverage thereunder to $100,000. Fidelco brief at pg 45.

{00601149.DOC}   9

automatically renders the other endorsement ambiguous is nonsensical and woefully unsupported by any legal authority.

This argument is yet another desperate attempt to draw attention away from the fact that Fidelco cannot point to any BMS operation or work needed to qualify under *either* Endorsement. Absent any viable argument in this regard, Fidelco essentially concedes that the exclusion in the "Managers or Lessors of Premises Endorsement" for "[s]tructural alterations, new construction or demolition operations performed by or on behalf of [BMS]" would otherwise operate to bar coverage for this claim. See, Exhibit D at AHA 0204 and Exhibit E at AHA 0343.

## POINT II

### THE "OWNED PROPERTY" EXCLUSION PRECLUDES COVERAGE FOR DAMAGES ASSOCIATED WITH BMS' OWN PROPERTY AS A MATTER OF LAW.

Fidelco claims there is a "genuine dispute of material fact" which precludes application of the owned property exclusion in the AHA Policies because Quincy Mutual and Scottsdale claim that it was Fidelco's property which was injured whereas AHA claims it was BMS' property that was injured. Fidelco brief at pg 47; Fidelco Additional Facts in Dispute at ¶19. This argument disregards the fact that Fidelco's coverage claim is premised on its assertion that it defended and settled arbitration claims concerning injury to *BMS'* property.

Whether and how Quincy Mutual or Scottsdale argues the application of an "owned property" exclusion in their respective policies is of no moment to the legal interpretation of AHA's "owned property" exclusion in its policies. Fidelco cannot create a disputed issue of fact regarding the ownership of the damaged property based upon purportedly differing legal positions of insurer parties that issued different coverage.

Fidelco obviously recognizes that the language of AHA's owned property exclusion is clear and thus resorts yet again to manufacturing bogus fact issues that are blatantly contradicted elsewhere in its opposition brief. As respect the motions of Quincy Mutual and Scottsdale, Fidelco argues that their respective "owned property" exclusions do not apply because it is BMS' property that was injured. Fidelco brief at pgs. 3, 37-38 & 43 ("…Fidelco is not seeking to recover its expense in replacing the roof, or for damages to its own property. Rather, Fidelco is not seeking to recover its expense in replacing the roof, or for damages to its own property. Rather, Fidelco is seeking recovery of the damages that BMS suffered to BMS' property…."); see also, Fidelco's Additional Facts in Dispute at ¶12 ("…BMS served Fidelco with a demand for arbitration seeking to recover the costs for damages to its property…"). Yet, in opposing AHA's motion, it disingenuously claims there is an issue of fact as to whose property was injured.

The "owned property" exclusion in the AHA Policies precludes coverage to property owned, rented or occupied by *BMS*. This includes costs and expenses

{00601149.DOC}                                      11

incurred by BMS "or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason...." Exhibit D to the Cohen Dec. at AHA 0153 and Exhibit E at AHA 0269. The exclusion clearly and unequivocally excludes coverage for injuries to BMS' property, the same claims that Fidelco defended and settled. It should be enforced as written.[8] State v. Signo Trading International, Inc., 130 N.J. 51, 63 (1992); Reliance Ins. Co. v. Armstrong World Industries, Inc., 292 N.J. Super. 365, 385 (App. Div. 1996); Insurance Corp. of New York v. Cohoes Realty Associates, LP, 50 A.D.3d 1228, 854 N.Y.S.2d 815, 818 (3d Dep't 2008).

## POINT III

### THERE IS NO QUESTION OF FACT THAT *BMS* HAD KNOWLEDGE OF THE PROPERTY DAMAGE BEFORE THE POLICY INCEPTED.

Fidelco ties to manufacture another "fact issue" as to whether *its* awareness of "a problem with the manner in which the roofing project was being performed in September 2005" and/or whether BMS' November 11, 2005 "reservation of rights" letter constitutes "a claim for damages sufficient to trigger knowledge that would preclude coverage under an insurance policy." Fidelco brief at pg 48; Fidelco Additional Facts in Dispute at ¶21. This argument makes no sense given

---

[8] Even Fidelco recognizes that the owned property exclusion is completely consistent with the fact that liability insurance is not intended to insure for risk of injury to an insured's own property. Fidelco brief at pg 42 ("The owned property exclusion is designed to prevent a liability policy from providing first party benefits to the insured").

{00601149.DOC}                                    12

that the Insuring Agreement to the 06-07 AHA Policy excludes coverage for "property damage" which an "insured listed under Paragraph 1. of Section II - Who Is An Insured" knew had occurred in whole or in part prior to the inception of the Policy on January 1, 2006. AHA Statement of Facts at ¶8 and Fidelco's response to same; see also, Exhibit E to the Cohen Dec. at AHA 0266.

There is simply no dispute that *BMS* – who qualifies as an "insured listed under Paragraph 1. of Section II" – was aware of the alleged property damage prior to January 1, 2006. AHA Statement of Facts at ¶¶24-25 & 29, and Fidelco's response to same; see also, Incident Report, Exhibit J; "Notes: (September 22, 2005)," transcript to deposition of Barry Ages at 36:3-39:19, Exhibit K, and November 11, 2005 letter, Exhibit L.

Nor could there be any "fact issue" as to whether anything constitutes a "claim for damages sufficient to trigger knowledge" because the proper inquiry is whether there was knowledge that the *"property damage"* had occurred, in whole or in part, or that the *"property damage"* was continuing to occur, prior to policy period. Exhibit E at AHA 0266. Therefore, as detailed in the alternative in AHA's moving brief, there is no coverage for Fidelco under the 06-07 AHA Policy.

## POINT IV

**FIDELCO'S CLAIM THAT THERE ARE DISPUTED ISSUES OF FACT VIOLATES THIS COURT'S AUGUST 13, 2009 ORDER AND FAILS TO ESTABLISH THAT AHA IS NOT ENTITLED TO SUMMARY JUDGMENT.**

While AHA submits that Fidelco has not raised any legitimate issue of fact, AHA notes that Fidelco's claims in this regard contravene this Court's August 13, 2009 Order.[9] At no point prior to filing its opposition did Fidelco ever advise AHA, or the Court, of any such "fact issues," despite the Court's Order, the parties' agreement, and Fidelco's knowledge of AHA's coverage position as far back as the May 2009 mediation. Fidelco now claims there are additional fact issues precluding summary judgment when it previously represented to the Court that it would not do so. Fidelco fails to even identify what discovery it supposedly needs to resolve these "fact issues."

As discussed above, each of the so-called "fact issues" identified by Fidelco in opposition to AHA's motion are really legal questions that are either irrelevant to the instant dispute or ripe for resolution based upon undisputed facts. AHA is entitled to summary judgment dismissing Fidelco's additional insured coverage claim as a matter of law.

---

[9] Exhibit Y to the Reply Declaration of Michael H. Cohen.

## CONCLUSION

For the foregoing reasons, AHA respectfully submits that it is entitled to summary judgment, dismissing the entirety of the Third Party Complaint with prejudice.

**AHA further revives its request for oral argument on this motion.**

Respectfully submitted,

**SAIBER LLC**
18 Columbia Turnpike, Suite 200
Florham Park, New Jersey 07932
TEL: 973-622-3333
FAX: 973-622-3349
E-MAIL: mcohen@saiber.com
Attorneys for Third Party Defendant
American Home Assurance Company

_____**s/Michael H. Cohen**_____

MICHAEL H. COHEN

DATED: January 12, 2010

{00601149.DOC}                              15